UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02394-TWP-MPB |
| | ) | |
| JOHN DOE, | ) | |
| JANE DOE, | ) | |
| JOHN DOE, | ) | |
| SHERRIFF OFFICERS OF MARION COUNTY | ) | |
| JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING AND DISMISSING COMPLAINT, AND DIRECTING PLAINTIFF TO SHOW CAUSE**

**I.** *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis,* dkt. [2], is **granted**. Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

**II. Screening**

Plaintiff prisoner John Sims brings this civil rights action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his Complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint if it is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the Complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* Complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

The Complaint names as defendants Officers John Doe, Officers Jane Doe, Sgt. John Doe, and Sheriff Officers of Marion County Jail. Mr. Sims seeks compensatory and punitive damages and a declaratory judgment. He alleges that he is mentally ill and was confined at the Marion County Jail ("Jail") from October 1, 2017, through January 26, 2018. He alleges that jail officers acted with deliberate indifference, cruel and unusual punishment and dereliction of duties. The Complaint must be **dismissed for failure to state a claim upon which relief can be granted** for the reasons discussed in this Entry.

Mr. Sims does not identify any defendant by name or description, nor does he allege when each incident occurred. The claims against all of the John and Jane Does and unnamed sheriff officers are **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). While it is true that if Mr. Sims had stated a viable claim against the defendants he

would be allowed to conduct discovery to attempt to learn the identity of the defendants, because no viable claim has been stated, the claims are dismissed.

Mr. Sims alleges that he was sometimes denied recreation and showers for up to seven to ten days. "A jail's conditions violate the Eighth Amendment when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where [jail] officials are deliberately indifferent to this state of affairs." *Estate of Simpson v. Gorbett,* 863 F.3d 740, 745 (7th Cir. 2017) (internal quotation omitted). "Jail conditions may be uncomfortable, even harsh, without being inhumane." *Id.* (internal quotation omitted). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Morris v. Ley,* 331 Fed. Appx. 417, 420 (7th Cir. 2009) (citing *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006)).

The Court acknowledges that exercise is "a necessary requirement for physical and mental well-being," however, "short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation." *Delaney v. DeTella,* 256 F.3d 679, 683-84 (7th Cir. 2001) (collecting cases). Mr. Sims does not allege that he was denied all ability to exercise in his cell. A temporary denial of outside recreation such as this does not state a constitutional violation. *Id.*

In addition, allowing an inmate a weekly shower does not violate the Eighth Amendment or the inmate's Fourteenth Amendment due process rights. *Hardaway v. Meyerhoff,* 734 F.3d 740, 744 (7th Cir. 2013); *Jaros v. Illinois Dept. of Corr.,* 684 F.3d 667, 670 (7th Cir. 2012). Mr. Sims further alleges that on two occasions, officers saw that he had feces on his body, presumably placed there by Mr. Sims, but they did not allow him to shower for 48 hours. Mr. Sims does not allege that he could not remove the feces with toilet paper or by other means.

Moreover, he has not alleged that any injury occurred as a result. The timing and number of showers alleged do not state a constitutional violation. For these reasons, the Eighth Amendment denial of showers and outside exercise claims are **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Sims further alleges that an unidentified officer failed to check on him every 30 minutes when he was on suicide watch, in violation of jail policy. The alleged violation of jail policy does not state a constitutional claim because no action lies under § 1983 unless a plaintiff has asserted the violation of a *federal* right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981). "Section 1983 protects against constitutional violations, not violations of ... departmental regulation and ... practices[.]" *Estate of Simpson,* 863 F.3d at 746 (internal quotation omitted). In addition, Mr. Sims does not allege any injury occurred. The claim relating to the periodic safety checks is **dismissed for failure to state a claim upon which relief can be granted.**

Next, Mr. Sims alleges that Officer John Doe refused to feed him "1 or 2 times during a 24 hour period." Dkt. 1 at p. 4. While the deliberate deprivation of food causing substantial weight loss, stomach pains, or other physical harm could result in a violation of the Eighth Amendment, the denial of one or two meals on a single day simply does not rise to the objective seriousness required of a constitutional violation. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (missing morning meals occasionally was not alleged to endanger inmate's health so no constitutional violation); *Prude v. Clarke,* 675 F.3d 732, 734 (7th Cir. 2012); *Reed v. McBride,* 178 F.3d 849, 853-54 (7th Cir. 1999) (extent, duration and consequences of missed meals determine whether it rises to the level of a constitutional violation).

Mr. Sims next alleges that an unidentified officer "allowed medical staff to refuse this petitioner his medication for long periods of time (10 days or longer)." Dkt. 1 at p. 4. This does not state a viable claim against the officer, even if he/she were identified by name, because it was medical staff's responsibility to dispense medications as appropriate. Non-medical jail employees may generally rely on the expertise of medical personnel in making healthcare decisions for inmates. *See Arnett v. Webster,* 658 F.3d 742, 755-56 (7th Cir. 2011). Moreover, Mr. Sims does not identify the medication or the severity of the illness or condition he needed it for, nor does he allege any injury that occurred due to this temporary lack of medication. This claim is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Sims alleges that on one occasion he notified John Doe Officer that a mental staff person had asked Mr. Sims to "drop his blanket and expose his penis for him." Dkt. 1 at p. 4. He alleges that John Doe Officer failed to make a report or deal with this sexual harassment. The Court has considered whether the officer violated federal law, the Prison Rape Elimination Act ("PREA"), 34 U.S. C. § 30301, *et seq.*, by failing to make a report of the incident. Nothing in the language of the PREA, however, created a private right of action. *See Bentley v. Baenen,* 2018 WL 1108701 (E.D. Wis. Feb. 27, 2018) ("The PREA does not create a private cause of action in federal court."); *Poslof v. Martel,* 2018 WL 3019916, n. 5 (S.D. Cal. June 18, 2018) (The PREA "authorizes the reporting of incidents or rape and sexual abuse in prison, but it does not give rise to a private cause of action by a prisoner."). Therefore, this claim is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Sims also alleges that after he arrived at New Castle Correctional Facility ("New Castle"), some of his property was lost. He does not allege that any particular New Castle employee was responsible for this. If this is intended to assert a claim, it is misjoined from the

other claims in this Complaint and is rejected on that basis alone. Unrelated claims against different defendants belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Even if it were not misjoined, the loss of property claim would be dismissed because it infers only negligence and as long as he has an adequate post-deprivation remedy, which he has in the form of a state law tort claim, Mr. Sims is not entitled to any additional constitutional protection. *See Gates v. City of Chicago,* 623 F.3d 389, 410 (7th Cir. 2010); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983). The plaintiff's claim for property loss is **dismissed for failure to state a claim upon which relief can be granted.**

These are the claims the Court discerns in the Complaint. If Mr. Sims believes that additional claims were alleged in the Complaint but not identified by the Court, he shall have **through September 18, 2018,** in which to identify those claims.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here.

### III. Report Change of Address

The *pro se* plaintiff shall report any change of address within seven (7) days of any change. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Show Cause

The Complaint must be dismissed for the reasons set forth above. Mr. Sims shall have **through September 19, 2018,** in which to either show cause why Judgment consistent with this

Entry should not issue or he may file an Amended Complaint which cures the deficiencies discussed in this Entry. Any Amended Complaint would completely replace the original Complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Sims fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date: 8/22/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN SIMS
232623
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362